UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHARON LAND, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | ) CAUSE NO. 2:11-cv-132-WTL-DKL |
| | ) |
| JOHN DOE, JANE DOE, | ) |
| ANNE MURPHY, INTERNATIONAL | ) |
| BUSINESS MACHINES CORP. | ) |
| | ) |
|     Defendants. | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME**

This matter is before the Court on Plaintiff's Motion for Enlargement of Time. [Doc. 43.] For the reasons set forth below, the motion is **DENIED**.

Plaintiff filed suit against Defendants, claiming that they violated 42 U.S.C. § 1983 by refusing to maintain Medicaid eligibility for Seth Land, Plaintiff's adult son. On July 5, 2011, Defendants Anne Murphy and International Business Machines (IBM) both moved to dismiss Plaintiff's complaint. [Docs. 39 and 41.] Plaintiff's response to Defendants' motions was due on July 22, 2011. See Local Rule 7.1(b) and Fed R. Civ. P. 6(d). Plaintiff filed the instant motion on July 26, 2011, asking the Court to extend the deadline for her response for 30 days until August 25, 2011. [Doc. 43.] Defendants offered Plaintiff a 14-day extension until August 5, 2011. [Doc. 44.]

1

The Court may, for good cause, extend a deadline if the request is made before the original deadline expires. Fed. R. Civ. P. 6(b)(1)(A). Plaintiff failed to file her motion before the original deadline expired. The original deadline was July 22, 2011; the motion was filed on July 26, 2011. In Plaintiff's Response to Defendants' Joint Response in Opposition, she claimed that she filed the instant motion on July 22, 2011. [Doc. 47.] This is simply not true. Plaintiff's counsel certified that the Motion for Enlargement of Time was served upon all parties via the Court's ECF system on July 26, 2011. [Doc. 43.]

Nevertheless, the Court has discretion to permit an extension in a case where the missed deadline resulted from excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Unfortunately for Plaintiff, she has made no showing that the deadline lapsed due to excusable neglect. Plaintiff initially claimed that counsel was "unable to research, prepare, and file [Plaintiff's] responsive pleading in the prescribed time, due to counsel's paralegal staff falling ill with an illness that could require surgery." [Doc. 43.] Plaintiff's counsel then attempted to contact opposing counsel "to apprise them of the necessity for [plaintiff] to file" the instant motion, and that Plaintiff's counsel received no objections. [Doc. 43.][1] Plaintiff later claimed that the instant motion was filed within the 21 days permitted under Fed. R. Civ. P. 12. The 21-day deadline applies to responsive pleadings, Fed. R. Civ. P. 12(a)(1), and not to motions filed pursuant to Fed. R. Civ. P. 12(b), which is the present case. The Federal Rules do not provide a deadline for responding to Fed R. Civ. P. 12(b) motions; however,

---

[1] Defendants represented that Plaintiff's counsel left a voicemail message with IBM's counsel on July 26, 2011, seeking a 30-day extension. Plaintiff's counsel then filed the instant motion without further discussion. [Doc. 44.]

Local Rule 7.1(b) provides that an adverse party generally has 14 days to respond to a filing, and Fed R. Civ. P. 6(d) affords an additional three days. An inexplicable failure to follow well-established rules does not constitute excusable neglect. See *Lewis v. Sch. Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008).

For the reasons stated above, Plaintiff's Motion for Enlargement of Time is **DENIED**. The Court **ORDERS** Plaintiff to file her response to defendants' motions to dismiss by August 5, 2011.

Dated: 08/03/2011

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to:

Brent Welke
WELKE LAW FIRM
brentwelke@att.net

Adam Clay
INDIANA ATTORNEY GENERAL
Adam.Clay@atg.in.gov

Patricia H. Strachan
INDIANA ATTORNEY GENERAL
patricia.strachan@atg.in.gov

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

Wendy Netter Epstein
KIRKLAND & ELLIS LLP
wendy.epstein@kirkland.com

Jason L. Fulk
HOOVER HULL LLP
jfulk@hooverhull.com

Zachary D. Holmstead
KIRKLAND & ELLIS
zachary.holmstead@kirkland.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Laurie E. Martin
HOOVER HULL LLP
lmartin@hooverhull.com

Anne M. Sidrys
KIRKLAND & ELLIS LLP
anne.sidrys@kirkland.com

Diana M. Watral
KIRKLAND & ELLIS LLP
diana.watral@kirkland.com