# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHARON LAND, <br>     Plaintiff, <br><br> V. <br><br> JOHN DOE and JANE DOE. Sued in their individually and official capacities, ANNE MURPHY, sued individually and in her capacity as SECRETARY OF THE INDIANA FAMILY & SOCIAL SERVICES ADMINISTRATION, and INTERNATIONAL BUSINESS MACHINES CORPORATION, sued in it individual and official capacities, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) Cause: 2:11-cv-0132-WTL-MJD <br> ) <br> ) <br> ) <br> ) <br> ) William T. Lawrence, Judge <br> ) <br> ) Denise K. LaRue, Magistrate <br> ) <br> ) <br> ) <br> ) |

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS TO DISMISS

## INTRODUCTION

In December 2006, the State of Indiana entered into a contract with IBM for the purpose of modernizing the manner in which the FSSA processed Medicaid claims and applications. As a part of that effort, caseworkers previously employed by the state to interview and counsel applicants transferred their employment to IBM or one of its subcontractors (collectively referred to as the "IBM coalition"). The IBM coalition took over responsibility for most of the work previously performed by the State, up to the point of the actual benefits determination decision. The actual benefit determinations remained the responsibility of the State, but those benefit

determinations were premised upon IBM"s "work-up" of the Medicaid applications. The $1.3 billion dollar contract for modernization was to run for ten years, but the effort to modernize resulted in significant delays and other problems that left the Medicaid benefits procurement process in Indiana with a backlog of unprocessed or incorrectly processed Medicaid applications. Consequently, the State cancelled its contract with IBM at the start of 2009 and the two parties are in the midst of litigating the consequences of that cancellation.

Applicants whose claims were lost, delayed or arbitrarily denied became part of the aftermath of the problem plagued modernization effort. Plaintiff, Sharon Land (hereinafter *Land*) is the mother of Seth Land. Seth was a member of that unfortunate group of applicants whose claims were adversely affected in one way or another by the contractual modernization, which was ultimately abandoned. That abandonment resulted in Land suffering life altering injuries at the hands of her son, which was foreseeable and preventable had Seth's Medicaid application been processed in a timely and proper manner.

## BACKGROUND

The matter is before this Court on two separate motions to dismiss arising out of a § 1983 compliant filed by Land on the 13th day of May 2011. In that complaint, Land asserted that she was the subject of a brutal attack by her son, Seth, and that that attack was the result of the defendant's mishandling of Seth's Medicare claim(s). Additionally, and in the interest of judicial economy, Land will now addresses the two *main event* affirmative defenses raised by the defendant's in their motions to dismiss, since if those defenses fail the rest of the minor affirmative defenses equally fail.

# ARGUMENT - I

## LAND'S COMPLAINT DOES ESTABLISH THAT SHE WAS DENIED A RIGHT SECURED BY THE UNITED STATES CONSTITUTION

When a state actor turns a blind eye to the equal protection clause's command, an aggrieved party can seek relief pursuant to § 1983. To establish liability under § 1983, Land must show that defendants acted with nefarious discriminatory purpose and discriminated against her based on her membership in a definable class. The Equal Protection Clause grants to all Americans "the right to be free from invidious discrimination in statutory classifications and other governmental activity." *Harris v. McRae,* 448 U.S. 297, 322, 100 S.Ct. 2671, 2691, 65 L.Ed.2d 784 (1980). Therefore, when a state actor turns a blind eye to the Clause's command, aggrieved parties such as Land can seek relief pursuant to 42 U.S.C. § 1983. *Cf. Muckway v. Craft,* 789 F.2d 517, 521 (7th Cir.1986) (noting that a § 1983 claim is a tort action, requiring proof of duty, breach, causation, and damages).

Moreover, it has long been held by our courts that public benefits, such as Medicaid, are a Constitutionally protected property interest subject to procedural Due Process rights protected by the Fourteenth Amendment. *Goldberg v. Kelly,* 397 U.S. 254, 262 (1970). Indiana Medicaid has specifically been held to be such a benefit. *Gomolinsky v. David,* 716 N.E. 2d 970, 973-75 (Ind. Ct. App, 1997) *See also, Thompson v. Roob,* 2006 WL 2990426 (S.D. Ind.) This includes Medicaid applicants as well as current recipients. *Holbrook v. Pitt,* 643 F.2d 1261, 1278 (7th Cir. 1981); *Knapps v. Wing,* 404 F.3d 105, 115-116 (2nd Cir. 2005).

# ARGUMENT - II

## LAND'S DUE PROCESS CLAIM IS NOT SUBJECT TO RULE 12(b)(6) DISMISSAL

In determining a motion to dismiss under Rule 12(b)(6), the Court accepts "all the well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the nonmoving parties." *Am. United Logistics, Inc. v. Catellus Dev. Corp.*, 319 F.3d 921, 926 (7th Cir. 2003). While Land must plead more than "labels and conclusions" or "formulaic recitation of a cause of action," Rule 8 of the Federal Rules of Civil Procedure does not require "detailed factual allegations." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when (Land) pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 & 570 (2007)). In deciding motions to dismiss in civil rights cases alleging municipal liability under §1983, the Supreme Court "unanimously held that federal courts may not apply a pleading standard more stringent than the usual pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure" *Payton v. Rush-Presbyterian-St. Luke's Medical Center,* 184 F.3d 623, 627 (7th Cir. 1999) (quoting *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993)).

## § A

**Land Properly Pled a §1983 Claim that FSSA violated Statutory Rights to have her son's application fully developed and processed within 45 days, which resulted in her life altering injuries.**

FSSA's assertion that Land has failed to state a claim under 42 U.S. §1983, because there is no private right of action to enforce provisions in the federal Medicaid law is without merit. When determining if a federal statute or regulation creates a private right of action, Courts rely on the United States Supreme Court case of *Gonzaga v. Doe,* 536 U.S. 273 (2002). *Gonzaga* held that for a statute or regulation to create a private right of action (1) Congress must have intended it to benefit the plaintiff; (2) that the right not be vague or amorphous, and (3) contain mandatory, rather than precatory, language. *Id.* at 282. This law has passed that test.

## § B

**Land's complaint alleges violations of application rights, protected by 42 U.S.C. §1396a(a)(8) and implementing regulations.**

Land alleged in her complaint that her son's application for Medicaid languished in the FSSA system. Under 42 U.S.C. §1396a(a)(8) a State's Medicaid agency "must provide that all individuals wishing to make application for medical assistance shall have the opportunity to do, and that such assistance shall be furnished with reasonable promptness to all eligible individuals." The Secretary of Health and Human Services created federal regulations to implement 42 U.S.C. §1396a(a)(8). 42 C.F.R. § 435.906 requires that the agency "must afford an individual wishing to do so the opportunity to apply for Medicaid without delay". When IBM delayed Land's son's initial application, it thwarted his opportunity to apply. 42 C.F.R.

§435.952 requires that information submitted during the application process must be used in the eligibility determination. 42 C.F.R. §435.911 implements the "reasonable promptness" requirement by requiring that a case like Land's son be decided not later than forty-five (45) days after the application date. FSSA/IBM failed to issue such a notice. 42 C.F.R. §435.930 requires that Medicaid services be promptly furnished without delay. While Land acknowledges that her son's right to services is conditional on a determination that he is eligible, the delays in both the application process and the appeal process doomed any chance he had to timely services. Land's allegations of repetitive delays clearly show that Defendants had erected huge administrative barriers to processing without delay.

In *Doe v. Kidd*, 501 F.3d 348 (4th Cir 2007) the 4th Circuit Court carefully considered whether 42 U.S.C. §1396a(a)(8) provided an actionable right under 42 U.S.C. §1983. The Court applied the reasoning in *Blessing v. Freestone*, 520 U.S. 329 (1997) and *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002) to specifically hold that 42 U.S.C. §1396a(a)(8) gives rise to a right enforceable under §1983. *Doe*, supra. at 356. The provision expresses clear Congressional intent to benefit "all" individuals who wish to apply for Medicaid, which would include Land's son. The Court reasoned that the provision was not vague and amorphous and that a judiciary could competently enforce it. The phrase "reasonable promptness" is defined by the federal and state regulations. The Court applied 42 C.F.R. §435.911 to hold that the Plaintiffs had stated a claim when they showed that the agency did not inform applicants of their eligibility within forty-five days. *Id.*

The 3rd Circuit Court of Appeals reached the same conclusion in *Sabree ex rel. Sabree v. Richman*, 367 F.3d 180, 183 (3rd Cir. 2004). After a very thorough analysis of the Medicaid law and the requirements of *Blessing* and *Gonzaga*, the Court held that "the

provisions invoked in §§1396a(a)(8), 1396a(a)(10), and 1396d(a)(15)-unambiguously confer rights vindicable under §1983."

## § C
## Termination of IBM Does Not Resolve the Issues

FSSA hired IBM to help resolve the inefficiencies and inaccuracies associated with the State's public assistance and welfare systems. With its privatization and modernization plan, IBM promised multiple improvements including more efficient eligibility determinations with reduced errors. FSSA went for the plan, lock, stock and barrel, turning over to IBM its workforce and its computers. As evidenced by the termination of the MSA only three years into the ten-year term and the multiple missteps in cases like this and thousands of others, the Modernization program made matters even worse.

Nothing about FSSA's firing of IBM particularly suggests, much less insures, that the problems of non-existent or inadequate notices, lost applications, extraordinary waits for eligibility decisions and lost and grossly-delayed appeals have been addressed. FSSA failed and continues to fail to address the multiple deficiencies in its contractors' performance, thus continuing to threaten her rights to procedural fairness and to benefits to which Seth, and many after him, are entitled and remain in dire need. Even though FSSA terminated its $1.3 Billion contract with IBM, it is still dependent on unknown contractors to do the work. After destroying its own infrastructure, FSSA has little other choice.

## CONCLUSION AND REQUEST FOR HEARING

*WHEREFORE,* Petitioner, Sharon Land, by Counsel, Brent Welke, respectfully requests that this Court dismiss the Defendant's Motions to Dismiss in toto and issue an Entry finding that Land's Complaint is sufficient to permit Plaintiffs claims to move forward. Plaintiffs respectfully request that both IBM's and FSSA's Motion to Dismiss be promptly denied. Plaintiffs' also respectfully request a hearing on both IBM's and FSSA's Motion to Dismiss, and for all other relief deemed appropriate by the Court.

Respectfully Submitted,

_____
Brent Welke (15671-45)
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon all parties of record by way of the Court's ECF system this 24th day August, 2011.



Brent Welke

**BRENT WELKE**
**ATTORNEY AT LAW**
**P.O. BOX 55058**
**INDIANAPOLIS, INDIANA 46205**
**brentwelke@att.net**
**Telephone: (317) 748-7772**

**ATTORNEY FOR PLAINTIFF**