UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHARON LAND, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|   vs. | )   Cause No. 2:11-cv-132-WTL-DKL |
| | ) |
| JOHN DOE, et al., | ) |
| | ) |
|        Defendants. | ) |
| | ) |

**ENTRY ON MOTIONS TO DISMISS**

Before the Court are two motions to dismiss – one filed by Defendant Anne Murphy (Docket No. 39) and one filed by Defendant International Business Machines Corporation (Docket No. 41). The Plaintiff did not respond to either of these motions before the time for doing so had passed. Accordingly, these motions are ripe for ruling, and the Court now rules as follows.

**I. RULE 12(b)(6) STANDARD**

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must take the facts alleged in the Complaint as true and draw all reasonable inferences in favor of the Plaintiff. The Complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**II. BACKGROUND**

Seth Land ("Seth") is the adult son of Plaintiff Sharon Land. Seth was diagnosed with schizophrenia in April 2007 after he stripped naked and burned his clothes in the middle of the Earlham College campus. Seth was subsequently committed to a psychiatric facility. When Seth is not taking his psychiatric medication, he is self-destructive and violent. These tendencies have resulted in his periodic incarceration and commitment.

After the Earlham College incident, the Plaintiff was appointed as Seth's guardian[1] and Seth was placed on Medicaid. In Indiana, Medicaid benefits are administered by the Family and Social Services Administration ("the FSSA"). Beginning in 2006, the FSSA hired Defendant International Business Machines Corporation ("IBM") to process Medicaid applications.

Seth was released from jail on January 18, 2009. At that time, his Medicaid recertification date was approaching and Seth had already missed one appointment because he was incarcerated. Although the Plaintiff intervened, Defendant John Doe, an employee of either the Putnam County branch of the FSSA or of IBM, refused to process the renewal of Seth's Medicaid application on January 29, 2009. As a result, Seth's Medicaid coverage expired and the Plaintiff was forced to reapply for Medicaid for Seth. From January 29, 2009, until May 15, 2009, both John Doe and Jane Doe[2] refused to process Seth's Medicaid application even though the Plaintiff brought all of the requested documentation, most or all of which was already in Seth's Medicaid file. During this time period, the Plaintiff went to the FSSA office two to three times per week with "multiple submissions of a plethora of documents requested by John and

---

[1] Although Sharon Land was appointed Seth's guardian, she does not bring this suit on his behalf.

[2] Jane Doe is also alleged to be either an employee of the Putnam County branch of the FSSA or an employee of IBM.

Jane Doe . . . only for them to be lost or disregarded." Compl. ¶ 24. Although Seth was at all times entitled to Medicaid benefits, he was removed from the Medicaid roll on January 29, 2009, and was not placed back on the roll until May 15, 2009.

During this same time period, Seth's medication wore off and, because the Plaintiff could not afford to purchase Seth's medicine, his mental condition deteriorated. However, he remained "quiet and introspective and withdrawn, and there was no hint that a violent outbreak might occur." *Id*. ¶ 32. Despite her best efforts, without the Medicaid payments, the Plaintiff was unable to place Seth in a facility, so she was forced to house Seth in her home.

On May 15, 2009, the Plaintiff was in bed when Seth entered the room and told her "his voices had told him to gouge out her eyes." *Id*. ¶ 33. Seth then attacked the Plaintiff, gouged out one of her eyes, damaged the other eye and the surrounding tissue, and broke several of the Plaintiff's bones. Following this incident, Seth was incarcerated and medicated. He was also approved for Medicaid. Since receiving his medication once again, Seth has not had any other violent outbursts.

The Plaintiff subsequently filed this suit against John Doe and Jane Doe in their individual and official capacities, Anne Murphy in her individual capacity and in her official capacity as Secretary of the FSSA,[3] and IBM in its individual and official capacities, alleging violations of federal and state law. Murphy, the Secretary of the FSSA, and IBM have now moved to dismiss the claims against them.

---

[3] Anne Murphy is no longer the Secretary of FSSA as she was replaced by Michael A. Gargano on November 15, 2010. Thus, Gargano is hereby substituted for Murphy in the Plaintiff's official capacity suit against the Secretary of the FSSA. However, for simplicity's sake, when discussing the official capacity suit the Court will refer to "the FSSA Secretary" and will not use either Murphy or Gargano's name.

### III. DISCUSSION

### A. Section 1983 Claims

In order to state a claim under § 1983, the Plaintiff must demonstrate that the Defendants deprived the Plaintiff of a right secured by the Constitution and laws of the United States, and the Defendants acted under color of state law. *Windle v. City of Marion, Indiana*, 321 F.3d 658, 661 (7th Cir. 2003). Land alleges that, by deliberately ignoring her safety, the Defendants "directly led to and or contributed to the proximate causation of her injuries," depriving her of due process and equal protection of the laws. However, even when charitably read, Land's Complaint fails to state a claim for either due process or equal protection for the reasons set forth below.[4]

*1. Due Process Claim*

The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law" and is comprised of substantive and procedural components. As Land does not allege that the State deliberately deprived her of her safety without procedural safeguards, the Court reads this allegation as asserting a substantive due process claim for the infringement of Land's liberty interest in freedom from violence. *See DeShaney v. Winnebago Co. Dept. of Social Services*, 489 U.S. 189, 195 (1989).

The Fourteenth Amendment protects individuals against state action. When a former dependent of state services commits violence against third parties, his action does not qualify as state action. For example, in *Martinez v. California*, the state parole board released on parole a

---

[4] Judicial efficiency dictates the analysis here. Because analysis of Land's claims ultimately disposes of all parties in all capacities, the Court foregoes the piecemeal approach of analyzing which Defendants are "persons" under § 1983.

prisoner who had been convicted of rape, and who had been classified as a "Mentally Disordered Sex Offender not amenable to treatment." 444 U.S. 277, 279 (1980). Five months after the man's release, he tortured and killed a 15-year-old girl. *Id.* The girl's parents brought suit against the state of California on her behalf and asserted that, by releasing the man, the parole board had deprived the girl of her life without due process of law. *Id.* at 283. The United States Supreme Court disagreed, holding that the man's actions could not be characterized as state action. In addition, although the decision to release the man on parole was state action, the Court noted that the parole board was not aware that the girl, as distinguished from the public at large, faced any special danger. The Court held that the girl's death was too remote a consequence of the parole board's decision to constitute a deprivation of the girl's due process rights within the meaning of the Fourteenth Amendment. *Id.* at 284-85.

In this case, Land's injuries were directly caused by her son. Even though Seth may have at one time been dependent upon the state to receive his medication, he is an independent actor whose actions cannot be attributed to the State. In addition, while Land has alleged that the Defendants "knew or should have known of the danger of leaving [Seth] unmedicated,"[5] Land has not alleged that the Defendants were aware that Land, as distinguished from the public at large, was in any special danger sufficient to potentially distinguish her case from *Martinez*. Although the Defendants' failure to renew Seth's Medicaid eligibility can fairly be characterized as state action, Land has not pled a claim sufficient to overcome the apparent remote connection

---

[5] In fact, the Court questions this assertion given the contradictions in Plaintiff's Complaint. Land alleges that the Defendants did know or should have known the dangers of leaving Seth unmedicated, but she admits, just a few lines before, that "Seth had seemed quiet and introspective and withdrawn, and there was no hint that a violent outbreak might occur."

between Seth's attack and Defendants' inaction. Land has therefore failed to plead a due process claim as a matter of law and the Defendants' motions to dismiss Land's due process claim are accordingly **GRANTED**.

*2. Equal Protection Claim*

In order to state an equal protection claim, the Plaintiff must allege membership in a protected class that has been singled out for unfair treatment by the government. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439-40 (1985). "To establish a prima facie case of discrimination under the equal protection clause, [a plaintiff is] required to show that he 'is a member of a protected class,' that he 'is otherwise similarly situated to members of the unprotected class,' and that he 'was treated differently from members of the unprotected class.'" *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993) (quoting *McMillian v. Svetanoff*, 878 F.2d 186, 189 (7th Cir. 1989)). The Plaintiff must also show that the Defendants acted with discriminatory intent. *Id.*

The Plaintiff's claim fails because she has not pled any facts indicating: (1) that she is a member of a protected class; (2) that she was otherwise similarly situated to members of the unprotected class; or (3) that any of the moving Defendants acted with discriminatory intent. Pursuant to *Twombly*, the Plaintiff must plead sufficient facts to raise her right to relief above a speculative level. Thus, her Complaint must provide the factual grounds for her equal protection claim. She cannot simply rely on conclusions. *See Twombly*, 550 U.S. at 555. Because the Complaint does not allege facts stating an equal protection claim, the Defendants' motions to dismiss must be **GRANTED** as to this claim.

**B. Claims Against John and Jane Doe**

Dismissal of claims even as to nonmoving defendants is permitted where the nonmoving defendants are in a position similar to that of the moving defendants or where the claims against all the defendants are integrally related. *Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1304 (7th Cir. 1988). As the Plaintiff alleges in the collective that the Defendants deliberately ignored her safety and thereby violated due process and denied her equal protection of the laws, the claims against the moving Defendants are identical to the claims against the nonmoving Defendants. For the same reasons that Land's claims against the moving Defendants fail, Land's due process and equal protection claims against John and Jane Doe are **DISMISSED**.

### C. State Law Claims

The Defendants also move to dismiss the Plaintiffs' state law claims. The Court's jurisdiction on all of the Plaintiffs' remaining claims is based upon 28 U.S.C. § 1367, which provides for the exercise of supplemental jurisdiction over claims based upon state law that are closely related to the federal claims in a case. However, "[w]hen the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts." *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008). There are exceptions to the general rule, and the court should decide the merits of a supplemental state claim when (1) "the statute of limitations has run . . . , precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the [state] claims should be decided." *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008). None of those exceptions apply here. Accordingly, the Court declines to exercise supplemental jurisdiction over the state law claims asserted in Land's complaint. Land's

remaining state law claims are accordingly **DISMISSED WITHOUT PREJUDICE.**

## CONCLUSION

As horrific and regrettable as the attack that befell Sharon Land may be, it did not violate her constitutional rights. "[N]ot every injury in which a state official has played some part is actionable under [1983]." *Martinez*, 444 U.S. at 285.

For the foregoing reasons, Defendant Anne Murphy's Motion to Dismiss (Docket No. 39) is **GRANTED** as to Land's § 1983 claims. Defendant International Business Machines Corporation's Motion to Dismiss (Docket No. 41) is also **GRANTED** as to Land's § 1983 claims. Plaintiff's § 1983 claims against John and Jane Doe are also **DISMISSED**. In the absence of any remaining federal claims, the Court declines to continue to exercise supplemental jurisdiction over the state law claims set forth in Land's Complaint; accordingly, those claims are **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED:   09/29/2011

*[signature: William T Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification.